UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60214-CR-SINGHAL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMY CHRISTOPH ROLLE,

    Defendant.

_____

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant **JEREMY CHRISTOPH ROLLE** (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On July 27, 2021, a federal grand jury returned an Indictment charging the Defendant in Counts 1-16 with Encouraging and Inducing Aliens to Enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and in Counts 17-18 with Aiding and Abetting Certain Aliens to Enter the United States in violation of 8 U.S.C. § 1327. Indictment, [DE 18]. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 8 U.S.C. § 1327, the Defendant shall forfeit any property real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C). *See id.* at 5-6.

In addition, the Defendant has agreed to the entry of a forfeiture order of the following property: directly forfeitable property, including, but not limited to: one (1) 26' Pursuit, Cuddy Cabin vessel bearing registration numbers FL9145HJ and hull identification number

SSUK6061F394. *See* 11/09/2021 e-mail correspondence (on file with Government counsel).

On November 2, 2021, the Court accepted the Defendant's guilty plea to Count 18 of the Indictment. *See* Minute Entry, [DE 56]; Plea Agreement, [DE 60]. In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, [DE 61].

As set forth in the Factual Proffer [DE 61], the Defendant operated a 26-foot motorboat to transport himself and sixteen (16) aliens from Bimini, Bahamas, to the United States on June 17, 2021. [DE 61 at 1]. Broward County Sheriff's marine patrol observed the Defendant in control at the steering wheel. *Id.* The Defendant drove the boat into the Intracoastal Waterway near the Hillsboro Outlet in Broward County at approximately 8:30 a.m. on June 17th. *Id.* Investigation by law enforcement revealed that only the previous day, on June 16, 2021, the Defendant purchased that boat, Pursuit Cuddy Cabin hull identification number SSUK6061F394. Reasonably, the connection drawn between the large number of people, sixteen (16), transported on the boat and its purchase only the day before, is that the boat was purchased with proceeds for the purpose of transporting people to the United States. When the Defendant aided and assisted one of those sixteen people, Marvin Morris Carridice, to enter the United States on June 17, 2021, the Defendant knew that Carridice was inadmissible in the United States. [DE 61 at 3].

Therefore, based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C and 28 U.S.C. § 2461(c):

> i. one (1) 26' Pursuit, Cuddy Cabin vessel bearing registration numbers FL9145HJ and hull identification number SSUK6061F394, to include all equipment, inventory and personal effects, seized along with the vessel on or about June 17, 2021.

2

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the following specific property is hereby forfeited and vested in the United States of America:

    i. one (1) 26' Pursuit, Cuddy Cabin vessel bearing registration numbers FL9145HJ and hull identification number SSUK6061F394, to include all equipment, inventory and personal effects, seized along with the vessel on or about June 17, 2021.

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule

32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of November 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE